UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARLOS AVAD VELIZ, CC# 18005826,

                      Plaintiff,

       -against-

PATRICK MANGANARO, Correctional Officer,
Shield # 2853; NASSAU COUNTY SHERIFF
DEPARTMENT,

                  Defendants.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-1811 (JMA) (ARL)

**FILED
CLERK**

12/17/2021 1:47 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court are the applications of pro se plaintiff, Carlos Avad Veliz ("plaintiff") for the appointment of pro bono counsel and to proceed in forma pauperis. (See ECF Nos. 18-19.) For the reasons that follow, the application for the appointment of pro bono counsel is denied without prejudice and with leave to renew when this case is marked ready for trial, if circumstances warrant such an application. The application to proceed in forma pauperis is denied as moot given plaintiff's payment of the Court's $400.00 filing fee.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

[T]he district judge should first determine whether the indigent's position seems

1

>likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application for the appointment of pro bono counsel together with the complaint and the record and finds that the appointment of counsel is not warranted at this stage of the litigation. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture, to conclude - - after considering the Hodge factors in the context of plaintiff's application and the complaint - - that the appointment of counsel is warranted. Notwithstanding the concerns raised in plaintiff's motion, he has demonstrated an ability to prepare his complaint and to make applications to the Court. Thus, the Court concludes that plaintiff is able at this stage of the litigation to prosecute his case and that there is no special reason to appoint counsel.

Accordingly, plaintiff's application for appointment of pro bono counsel (ECF No. 18) is denied without prejudice to plaintiff renewing the application when this case is marked ready for trial if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter. Further, given plaintiff's payment of the Court's $400.00 filing fee, his application to proceed in forma pauperis (ECF No.

19) is denied as moot.

## CONCLUSION

For the reasons set forth above, plaintiff's application for the appointment of pro bono counsel (ECF No. 18) is denied without prejudice to plaintiff renewing the application when this case is marked ready for trial if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter. Given plaintiff's payment of the Court's $400.00 filing fee, his application to proceed in forma pauperis (ECF No. 19) is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se plaintiff at his address of record.

**SO ORDERED**.

Dated: December 17, 2021
Central Islip, New York

                                                    /s/ (JMA)
                                                 JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE